IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GIDGET QUILTER, Individually and on behalf of her 3 minor children, E.Q., D.Q., and E.M.Q.,<br><br>          Plaintiff,<br><br>     vs.<br><br>CATHY BETTS; RAYMOND NISHIMIYA; C.J. IBARA; ASHLEY YASUDA; CHERYL DELIMA; BENJAMIN MOSZKOWICZ; R.K. KAMAU, JR.; WILLIAM DEAN; JANE AND/OR JOHN DOES 1-25; DOE ENTITIES 1-10,<br><br>          Defendants. | CIV. NO. 23-00170 HG-KJM |

**ORDER DISMISSING PLAINTIFFS' CLAIMS AGAINST DEFENDANTS BENJAMIN MOSZKOWICZ AND R.K. KAMAU, JR. FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)**

On April 11, 2023, Plaintiff filed a Complaint against two groups of Defendants. (ECF No. 1). The first group of Defendants are alleged to be employees of the State of Hawaii: Defendants Cathy Betts, Raymond Nishimiya, C.J. Ibara, Ashley Yasuda, and Cheryl Delima. The second group of Defendants are alleged to be employees of the County of Hawaii: Benjamin Moszkowicz and R.K. Kamau, Jr.

On July 31, 2023, the County of Hawaii filed a Motion to Dismiss on behalf of Defendants Benjamin Moszkowicz and R.K. Kamau, Jr. (ECF No. 12).

On August 1, 2023, the Court issued a briefing schedule for

1

Defendant Moszkowicz and Kamau, Jr.'s Motion to Dismiss.  (ECF No. 12).

Plaintiff was ordered to file the Opposition on or before August 16, 2023.  (Id.)

Plaintiff did not file an Opposition to Defendants' Motion to Dismiss.

On August 16, 2023, the State of Hawaii filed a Joinder to the County's Motion to Dismiss pursuant to District of Hawaii Local Rule 7.7.  (ECF No. 18).

Plaintiff has not filed any response to Defendant Moszkowicz and Kamau, Jr.'s Motion to Dismiss in violation of the Court's August 1, 2023 Minute Order.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).

The District Court also has the "inherent power" to dismiss an action pursuant to Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order.  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that a district court may involuntarily dismiss a case sua sponte pursuant to Fed. R. Civ. P. 41(b)).

## **ANALYSIS**

District Courts have wide discretion in determining whether to dismiss a case or claims pursuant to Fed. R. Civ. P. 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

In evaluating whether to dismiss an action for failure to prosecute or failure to comply with a Court order pursuant to Fed. R. Civ. P. 41(b), the District Court considers five factors:

- (1) the public's interest in expeditious resolution of litigation;

- (2) the court's need to manage its docket;

- (3) the risk of prejudice to the defendant;

- (4) the public policy favoring disposition of cases on their merits; and,

- (5) the availability of less drastic sanctions.

Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

The public's interest in expeditious resolution favors dismissal of this case pursuant to Fed. R. Civ. P. 41(b). Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). District courts have inherent power to control their dockets. In the exercise of that power, the trial courts may impose sanctions, including dismissal, for failure to comply with court orders or failure to timely prosecute claims. Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986). It is "incumbent" upon courts to manage their dockets without being subject to routine noncompliance of litigants. Pagtalunan v.

Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Plaintiff, who is represented by counsel, has failed to respond to Defendants Moszcowicz and Kamau, Jr.'s Motion to Dismiss (ECF No. 12).  Plaintiff also has not responded to the State Defendants' Joinder (ECF No. 18).

Plaintiff has ignored the Court's August 1, 2023 Minute Order setting the deadline for her to file her Opposition.  Thirty days have passed since the August 16, 2023 deadline for Plaintiff to file her Opposition and she has not filed anything on the Docket.

The Ninth Circuit Court of Appeals has explained that failure to file an opposition to a defendant's motion to dismiss is a proper basis for dismissal pursuant to Fed. R. Civ. P. 42(b).  See Trice v. Clark Cnty. Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010).

Dismissal of Plaintiffs' claims against Defendants Moszkowicz and Kamau, Jr. pursuant to Fed. R. Civ. P. 41(b) is necessary in order to manage the Court's Docket.  Hunter v. Sandoval, 2018 WL 6570870, *2 (C.D. Cal. Dec. 12, 2018).

Sanctions other than dismissal would be ineffective in this case.  The Court finds that dismissal without prejudice, rather than with prejudice, is the least drastic sanction available.  Arellano v. T-Mobile USA, Inc., 2012 WL 3877668, at *2 (N.D. Cal. Sept. 6, 2012); see Head v. Cnty. of Sacramento, 2023 WL 5723859, *1 (E.D. Cal. Sept. 5, 2023) adopting 2023 WL 4711250 (E.D. Cal.

4

July 24, 2023).

The Court declines to dismiss the entire Complaint at this time because the State Defendants have only filed a procedural joinder to the County Defendants' Motion to Dismiss and have not filed their own Motion to Dismiss.

## CONCLUSION

All claims in Plaintiff's Complaint (ECF No. 1) against Defendants Benjamin Moszkowicz and R.K. Kamau, Jr. are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: September 15, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Gidget Quilter, Individually and on behalf of her 3 minor children, E.Q., D.Q., and E.M.Q. v. Cathy Betts; Raymond Nishimiya; C.J. Ibara; Ashley Yasuda; Cheryl Delima; Benjamin Moszkowicz; R.K. Kamau, Jr.; William Dean; John and/or Jane Does 1-25; Doe Entities 1-10, Civ. No. 23-00170 HG-KJM; **ORDER DISMISSING PLAINTIFFS' CLAIMS AGAINST DEFENDANTS BENJAMIN MOSZKOWICZ AND R.K. KAMAU, JR. FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)**