IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
GIDGET QUILTER, Individually   )   CIV. NO. 23-00170 HG-KJM
and on behalf of her 3 minor   )
children, E.Q., D.Q., and      )
E.M.Q.,                        )
                               )
            Plaintiff,         )
                               )
      vs.                      )
                               )
CATHY BETTS; RAYMOND NISHIMIYA;)
C.J. IBARA; ASHLEY YASUDA;     )
CHERYL DELIMA; WILLIAM DEAN;   )
JANE AND/OR JOHN DOES 1-25; DOE)
ENTITIES 1-10,                 )
                               )
            Defendants.        )
                               )
                               )
_____)
```

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)**

On April 11, 2023, Plaintiff filed the Complaint. (ECF No. 1).

The Complaint alleges claims against two groups of Defendants: (1) employees of the State of Hawaii and (2) employees of the County of Hawaii. The Complaint also names William Dean doing business as Ohana Law Firm as a Defendant.

The Rule 16 Scheduling Conference was scheduled for July 17, 2023 before the Magistrate Judge. (ECF No. 8).

On July 10, 2023, the Defendants from the County of Hawaii filed their Scheduling Conference Statement. (ECF No. 9).

Also on July 10, 2023, Plaintiff filed her Scheduling

1

Conference Statement.  (ECF No. 10).  In her Scheduling Conference Statement, Plaintiff stated that she had not served all of the Defendants in the case.  (Id. at pp. 3-4).

On July 14, 2023, the Magistrate Judge continued the Rule 16 Scheduling Conference to August 15, 2023.  (ECF No. 11).

On July 31, 2023, the County of Hawaii filed DEFENDANTS BENJAMIN MOSZKOWICZ, CHIEF OF THE HAWAII POLICE DEPARTMENT HAWAII COUNTY, AND R.K. KAMAU, JR.'S MOTION TO DISMISS.  (ECF No. 12).

On August 1, 2023, the Court issued a briefing schedule for the County of Hawaii Defendants' Motion to Dismiss.  (ECF No. 13).  Plaintiff was ordered to file the Opposition to the Motion to Dismiss on or before August 16, 2023.  (Id.)

Plaintiff did not file an Opposition to the County Defendants' Motion to Dismiss.

On August 8, 2023, the County Defendants filed an updated Scheduling Conference Statement.  (ECF No. 14).

Also on August 8, 2023, the State Defendants filed their Scheduling Conference Statement.  (ECF No. 15).

Plaintiff did not file an updated Scheduling Conference Statement as required by District of Hawaii Local Rule 16.2(b).

On August 10, 2023, the Magistrate Judge continued the Rule 16 Scheduling Conference to October 12, 2023.  (ECF No. 16).

On August 16, 2023, the State of Hawaii Defendants filed a Joinder to the County's Motion to Dismiss pursuant to District of Hawaii Local Rule 7.7.  (ECF No. 18).

Plaintiff did not file any response to the County Defendants' Motion to Dismiss in violation of the Court's August 1, 2023 Minute Order.  Plaintiff also did not file a response to the State of Hawaii Defendants' Joinder.

On September 15, 2023, the Court issued an ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS BENJAMIN MOSZKOWICZ AND R.K. KAMAU, JR. FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b).  (ECF No. 19).

On October 4, 2023, the State Defendants filed an Amended Scheduling Conference Statement.  (ECF No. 20).

Plaintiff, again, did not file an amended Scheduling Conference Statement as required by District of Hawaii Local Rule 16.2(b).

On October 5, 2023, the Magistrate Judge vacated the Rule 16 Scheduling Conference set for October 12, 2023.  (ECF No. 21). Based on the representations in the State Defendants' Scheduling Conference Statement, the Magistrate Judge ordered Plaintiff to either amend her Complaint or contact the Magistrate Judge to re-set the Rule 16 Scheduling Conference.  (Id.)

As of January 9, 2024, Plaintiff has not responded to the October 5, 2023 Minute Order.

Plaintiff has violated multiple Court orders and failed to comply with both the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT**

**PREJUDICE FOR FAILURE TO PROSECUTE** pursuant to Fed. R. Civ. P. 41(b).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).

The District Court also has the inherent power to dismiss an action pursuant to Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order.  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (explaining that a district court may involuntarily dismiss a case sua sponte pursuant to Fed. R. Civ. P. 41(b)).

## ANALYSIS

District Courts have wide discretion in determining whether to dismiss a case or claims pursuant to Fed. R. Civ. P. 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

In evaluating whether to dismiss an action for failure to prosecute or failure to comply with a Court order pursuant to Fed. R. Civ. P. 41(b), the District Court considers five factors:

    (1)  the public's interest in expeditious resolution of litigation;

    (2)  the court's need to manage its docket;

4

    (3)   the risk of prejudice to the defendant;

    (4)   the public policy favoring disposition of cases on their merits; and

    (5)   the availability of less drastic sanctions.

Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

The public's interest in expeditious resolution favors dismissal of this case pursuant to Fed. R. Civ. P. 41(b). Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). District courts have inherent power to control their dockets.  In the exercise of that power, the trial courts may impose sanctions, including dismissal, for failure to comply with court orders or failure to timely prosecute claims.  Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986).  It is incumbent upon courts to manage their dockets without being subject to routine noncompliance of litigants.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

## I. Plaintiff Has Repeatedly Failed To Comply With The Federal Rules of Civil Procedure, the Local Rules for the District of Hawaii, and Multiple Court Orders

The Complaint was filed on April 11, 2023.  As of January 9, 2024, Plaintiff has not filed either Proof of Service or Waiver of Service of the Complaint as to any Defendant.

Plaintiff, who is represented by counsel, has not filed any documents in this case since July 10, 2023.

Plaintiff ignored the Court's August 1, 2023 Minute Order setting the deadline for her to file her Opposition to the County

Defendants' Motion to Dismiss.

Plaintiff failed to file a Scheduling Conference Statement on August 8, 2023, in violation of District of Hawaii Local Rule 16.2(b).

On September 15, 2023, the Court dismissed the County of Hawaii Defendants due to lack of prosecution. (ECF No. 19).

Following the dismissal, on October 4, 2023, Plaintiff again failed to file a Scheduling Conference Statement.

On October 5, 2023, the Magistrate Judge ordered Plaintiff to either file an Amended Complaint or contact his Chambers to request that the Scheduling Conference be reset.

As of January 9, 2024, more than 90 days have passed and Plaintiff still has not filed an Amended Complaint or contacted the Magistrate Judge's Chambers in violation of the October 5, 2023 Minute Order.

**II. Dismissal Of Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 41(b) Is Warranted**

The Ninth Circuit Court of Appeals has explained that failure to comply with Court orders is a proper basis for dismissal pursuant to Fed. R. Civ. P. 41(b). Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).

Dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b) is necessary in order to manage the Court's Docket. Hunter v. Sandoval, 2018 WL 6570870, *2 (C.D. Cal. Dec. 12, 2018).

Sanctions other than dismissal would be ineffective in this case.  The Court finds that dismissal without prejudice, rather than with prejudice, is the least drastic sanction available.  Arellano v. T-Mobile USA, Inc., 2012 WL 3877668, at *2 (N.D. Cal. Sept. 6, 2012); see Head v. Cnty. of Sacramento, 2023 WL 5723859, *1 (E.D. Cal. Sept. 5, 2023) adopting 2023 WL 4711250 (E.D. Cal. July 24, 2023).

### CONCLUSION

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is **ORDERED** to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: January 9, 2024, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Gidget Quilter, Individually and on behalf of her 3 minor children, E.Q., D.Q., and E.M.Q. v. Cathy Betts; Raymond Nishimiya; C.J. Ibara; Ashley Yasuda; Cheryl Delima; William Dean; John and/or Jane Does 1-25; Doe Entities 1-10, Civ. No. 23-00170 HG-KJM; **ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)**